[No. 208-41368-3.   Division Three.   November 25, 1970.]

THE STATE OF WASHINGTON, *Appellant*, v. JERRY LEE DAVIS, *Respondent.*

*C. J. Rabideau, Prosecuting Attorney*, for appellant.

MUNSON, J.—The state appeals from an order of dismissal after the trial court's determination that defendant Jerry Lee Davis' confession was inadmissible.[1]

Defendant, a juvenile, admittedly forged his mother's signature to a pension check and negotiated same. When apprehended by the police he was informed of his constitutional rights, waived same in writing[2] and confessed to the forgery; however, at the time of his confession the record, as well as the trial court's findings, pursuant to CrR 101.20W, are silent as to whether defendant was advised or aware of the possibility that the juvenile court could decline jurisdiction and remand him to adult criminal court.

---

[1]At no stage of the appeal has defendant appeared or filed a petition to proceed in forma pauperis; however, he was represented by counsel at the trial level.

[2]The waiver signed by defendant acknowledges his statements could be used in court, whereas the waiver in *State v. Gullings,* 244 Ore. 173, 416 P.2d 311 (1966) acknowledges they could be used in a criminal proceeding.

Although the police department's report, together with defendant's confession and waiver, were delivered to the juvenile department of Franklin County, no action was taken prior to defendant's 18th birthday. More than 1 year later the prosecuting attorney, after an inquiry as to the status of the case by the bank which cashed the forged check, charged defendant with the crimes of forgery and grand larceny.[3] Defendant pled not guilty. Prior to trial a hearing was held pursuant to CrR 101.20W. The trial court found[4] the confession to have been made voluntarily but inadmissible because of the inferential adoption of the Harling[5] doctrine of fundamental fairness in *State v. Kramer,* 72 Wn.2d 904, 435 P.2d 970 (1967).

While this case was on appeal, our Supreme Court decided *State v. Prater,* 77 Wn.2d 526, 463 P.2d 640 (1970). In light of the express adoption of *State v. Gullings, supra,* in *Prater,* the trial court's rationale is incorrect and this case must be remanded. In determining the admissibility of defendant's confession, the trial court should have entered additional findings of fact as to defendant's knowledge of the possibility of criminal prosecution at the time the incriminating statements were made. On remand the trial court should examine the circumstances of the confession to determine if the juvenile had knowledge of a possibility of the declination of jurisdiction by the juvenile court. Such knowledge could have been gained either by prior experience or confrontation with juvenile authorities, or by direct apprisal by the police officers to whom the statements were made. Either would create a corresponding

---

[3]The use of criminal process to attempt debt collection, or as a result of the failure thereof, if it occurs, is a highly questionable exercise of a prosecutor's discretion. *Cf.* ABA Project on Standards for Criminal Justice, *The Prosecution Function and The Defense Function,* § 3.9(b) (IV) (Tentative Draft, Mar. 1970).

[4]The format of findings entered by the trial court do not correspond with the requirements set forth in CrR 101.20W; however, this is not fatal since there are no disputed facts and the issue of propriety is not raised by the state on appeal.

[5]*Harling v. United States,* 295 F.2d 161 (D.C. Cir. 1961).

understanding of the adversary capacity of the arresting and interrogating officers as opposed to the "friendly—non-criminal—aspect" of the juvenile's relationship to the juvenile court and its personnel, thereby justifying the admissibility of the confession.

Therefore, the order of the trial court dismissing the state's case is vacated and the cause remanded to superior court for entry of findings upon the juvenile's knowledge of possible criminal prosecution and his understanding of the adversative position of the interrogating officers. If upon examination of the evidence the trial court finds the juvenile, at the time the incriminating statements were made, was unaware of possible criminal prosecution, the trial court's original ruling on the confession's admissibility and order of dismissal should be reinstated; however, if it is found that the juvenile was aware of the criminal prosecution possibility, then the confession should be held admissible. In the latter event, the state may then determine whether or not to proceed to trial.

EVANS, C. J., and GREEN, J., concur.